### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF WISCONSIN

---

Justin T. Gibson

    Plaintiff,

v.

                                         Case No. 21-CV-808

Sunbelt Rentals, Inc., ABC Insurance Company,
JLG Industries, Inc., DEF Insurance Company,
Oshkosh Corporation, GHI Insurance Company

    Defendants,

The Travelers Indemnity Company of Connecticut
and Anthem Blue Cross Blue Shield

    Subrogated Defendants.

---

## NOTICE OF REMOVAL

---

**I.**    **STATEMENT OF THE CASE**

Pursuant to 28 U.S.C. §§ 1333, 1441(a), and 1446, Defendant JLG INDUSTRIES, INC. ("JLG") gives notice of removal of the above-captioned matter from the Circuit Court of Dane County. The removal is proper because the forum state defendant Oshkosh Corporation has been fraudulently joined, and subrogated defendant Anthem Blue Cross Blue Shield must be realigned with the Plaintiff. The state court pleadings demonstrate that Oshkosh Corporation has been added only to destroy diversity. The same is true of classifying Anthem Blue Cross Blue Shield as a subrogated defendant. In addition, the amount in controversy exceeds $75,000. In support, JLG states:

1.	On November 18, 2021, Plaintiff commenced an action in the Circuit Court of Dane County styled *Justin T. Gibson v. Sunbelt Rentals, Inc., et. al.* (the "State Court Action"). See Complaint, attached hereto as Exhibit 9.

2.	Plaintiff's Complaint alleges that "sometime before September 30, 2019, defendant JLG Industries, Inc. designed, manufactured, assembled, and/or distributed the JLG Model 860SJ Telescopic Boom Lift" (hereinafter "subject boom lift") and that "JLG Industries, Inc. knew or should have known its boom lifts, including the subject boom lift, posed a grave risk of operator entrapment from overhead obstructions." See id. at ¶¶ 17 and 62.

3.	Plaintiff alleges that "at all times material, the subject boom lift was defective in its propensity to trap and crush operators between overhead obstructions and the platform controller." See id. at ¶ 67.

4.	Plaintiff alleges that, as a direct result of the aforementioned defect, he sustained severe personal injuries. See id. at ¶ 70.

5.	As a result of the alleged incident, Plaintiff asserts causes of action for negligence and strict products liability against JLG Industries, Inc., and a cause of action for negligence against Oshkosh Corporation. Plaintiff also asserts causes of action for negligence and punitive damages against Sunbelt Rentals.

6.	Plaintiff's Complaint names Travelers Indemnity Company of Connecticut and Anthem Blue Cross Blue Shield as subrogated defendants pursuant to outstanding medical liens.

7.	Plaintiff's Complaint does not assert a specific amount in controversy, but requests relief for "pain, suffering, disability and loss of earning capacity," and cites extensive medical treatment sustained as a result of the incident. See id. at ¶ 56.

**II.	REMOVAL IS TIMELY**

8. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

9. Defendant JLG Industries, Inc. accepted service through counsel in the State Court Action on November 24, 2021.

10. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

### III. CONSENT TO REMOVAL

11. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  See 28 U.S.C. § 1446 (b)(2)(A).

12. Co-defendant Sunbelt Rentals consents to removal and files a separate written statement of consent contemporaneously with the filing of this Notice.

13. Because Oshkosh Corporation was fraudulently joined to defeat diversity jurisdiction, it was not "properly joined" and, therefore, consent to removal is not required.  See *Eaglestar Intertrade Ltd. v. Dafin Asset Fin. Ltd.*, 06-C-953, 2006 WL 8443572, at *1 (E.D. Wis. Nov. 28, 2006) (Where a party is fraudulently joined as a defendant, its status as a named defendant will be ignored for the purposes of consent and timeliness, as well as § 1441(b).); *Mandeville v. Int'l Truck & Engine Corp.*, 07-CV-0660-MJR, 2008 WL 63228, at *3 (S.D. Ill. Jan. 3, 2008) **("A fraudulently-joined co-defendant need not consent to removal.")**

### IV. THE FORUM STATE DEFENDANT HAS BEEN FRAUDULENTLY JOINED

### a. Legal Standard

14. "A plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001) (internal quotation marks and punctuation omitted.)

15. "[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined,'" in which case the court disregards that defendant and recognizes complete diversity. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2000).

16. The Court analyzes the claim of fraudulent joinder under a clear and convincing evidence standard, in order to determine "either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court." Id. (internal quotation marks omitted). Fraudulent joinder exists where "there can be no recovery [against the defendant] under the law of the state on the cause alleged." Id. (internal quotation marks omitted).

17. "It is true that, as a general rule, the right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992); WRIGHT & MILLER, § 3723.1 (observing that courts will also find existence of fraudulent joinder where plaintiff "does not intend to secure a judgment against that particular defendant.")

### b. Plaintiff's Complaint Makes No Effort to Hold Oshkosh Corporation Liable For This Loss.

18. Plaintiff's claim against Oshkosh Corporation is based entirely upon the negligence and strict products liability actions against JLG Industries, Inc.

19. "The subject boom lift was designed, manufactured, assembled, distributed, sold, and/or supplied by JLG Industries, Inc. in a defective condition" …. "The subject boom lift was marketed and placed in the general stream of commerce by JLG Industries, Inc." See Complaint at ¶ 66.

20. Oshkosh Corporation is a defense contractor with its principal place of business in Oshkosh, Wisconsin. See id. at ¶ 6.

21. The only claim brought against Oshkosh Corporation is a vague claim for negligence stemming from the design, assembly, manufacture, and distribution of the subject JLG boom lift. See id. at. ¶¶ 72-73.

22. Plaintiff asserts that Oshkosh Corporation "exercised dominion and control over the day-to-day business activities of defendant JLG Industries, Inc." and therefore became liable for the negligence of JLG Industries, Inc. See id. at ¶ 16.

23. Oshkosh Corporation is the parent company to McNeilus Companies, Inc., which is the parent company to JLG Industries, Inc. (See Taverna Afd. ¶¶ 3-4.)

24. As JLG Industries, Inc.'s parent company, McNeilus Companies, Inc. owns a majority voting stock in JLG Industries, Inc. and is responsible for appointing leadership. (See Taverna Afd. ¶ 5.) Likewise, as McNeilus Companies' parent company, Oshkosh Corporation owns a majority voting stock in McNeilus Companies and is responsible for appointing leadership within McNeilus Companies. (See Taverna Afd. ¶ 6.)

25. McNeilus Companies, Inc.'s oversight of JLG Industries, Inc. is limited to financial performance. (See Taverna Afd. ¶ 7.)

26. Oshkosh Corporation is twice removed from JLG Industries in the Oshkosh family tree of corporations. (See Taverna Afd. ¶ 8.)

27. JLG Industries, Inc. is a legally independent company responsible for the design, manufacture, and sale of all JLG-manufactured products. (See Taverna Afd. ¶ 9.)

28. JLG Industries, Inc. holds separate and distinct corporate interests than that of both its parent, McNeilus Companies, and McNeilus Companies' parent, Oshkosh Corporation; JLG Industries, Inc. does not act as an agent or alter ego of McNeilus Companies, let alone Oshkosh Corporation. (See Taverna Afd. ¶ 10.)

29. Oshkosh Corporation had no role in the manufacturing, design, or sale of the subject JLG boom lift that is the subject of this lawsuit. (See Taverna Afd. ¶ 11.)

30. Oshkosh Corporation does not oversee, engage in, or dominate the day-to-day business practices of JLG Industries, Inc. (See Taverna Afd. ¶ 12.)

31. Plaintiff has attempted to circumvent the rightful diversity jurisdiction present in this case by fraudulently naming Oshkosh Corporation as a defendant.

V. **THE SUBROGATED DEFENDANT MUST BE REALIGNED WITH THE PLAINTIFF FOR THE PURPOSES OF DIVERSITY**

    a. **Legal Standard**

32. A Plaintiff may not defeat diversity jurisdiction by naming an aligned party as a subrogated defendant. *Estate of Pickard ex rel. Pickard v. Wisconsin Central Ltd.,* 300 F.Supp.2d 776 (W.D.Wis.2002)*; Frahm v. Marshfield Clinic,* 2007 WL 3287841 (W.D.Wis. Nov. 7, 2007) (realigning insurance company as plaintiff because its "only interest in this lawsuit is in recovering money it has already paid to plaintiff; it may be entitled to do so if plaintiff is successful in her claims against defendants"); *City of Indianapolis v. Chase National Bank,* 314 U.S. 63, 80, 62

S.Ct. 15, 86 L.Ed. 47 (1941) (doctrine of realignment requires defendant to be treated as plaintiff for purpose of defining controversy when plaintiff has not asserted real cause of action against defendant); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir.1993) ("[A] defendant is a nominal party if there is no reasonable basis for predicting that it will be held liable.") "Generally, the fundamental question regarding proper alignment is whether that party's interests are adverse to the plaintiff's." *American Motorists Insurance Co. v. Trane Co.*, 657 F.2d 146, 151 (7th Cir.1981).

33.     "Insurers generally have litigation interests aligned with their insured's interests: the insurer either must indemnify its insured (the defendant) or has *subrogation rights to any judgment secured by its insured* (the plaintiff)." *In re Novak*, 932 F.2d 1397, 1408 (11th Cir.1991) (emphasis added.)

### b. Plaintiff's Complaint Improperly Names Anthem Blue Cross Blue Shield as a Subrogated Defendant Only to Destroy Diversity

34.     Anthem Blue Cross Blue Shield was named by Plaintiff as a subrogated defendant, and maintains its principal place of business in Waukesha, Wisconsin. See Complaint at ¶ 9.

35.     Plaintiff contends that "on a date prior to September 30, 2019, subrogated defendant Anthem Blue Cross Blue Shield provided health insurance coverage to Justin T. Gibson as a result of which said subrogated defendant has paid certain health insurance claims on his behalf, and by virtue of Section 803.03 of the Wisconsin Statutes, said subrogated defendant is impleaded herein because it may have a claim arising by subrogation, derivation or assignment." See id. at ¶ 15.

36.     Plaintiff concedes that the interests of Anthem Blue Cross Blue Shield are aligned with his own. "WHEREFORE, plaintiff Justin T. Gibson prays for judgment determining what, if any, interested that subrogated defendant Anthem Blue Cross Blue Shield may have in this action based on medical payments that have been made, however set forth in its policies, and that an order

7

for default judgment and dismissal with prejudice be entered extinguishing all claims subrogated defendant Anthem Blue Cross Blue Shield may have …" See id. at page 21.

37.  By naming Anthem Blue Cross Blue Shield as a subrogated defendant, rather than an involuntary plaintiff, Plaintiff has attempted to circumvent the diversity jurisdiction that should exist in this action by naming a medical lien holder as adverse to his own interests. While Traveler's Indemnity Company of Connecticut is also wrongfully named as a subrogated defendant, its presence as a defendant does not destroy diversity in this matter.  Accordingly, Anthem Blue Cross Blue Shield should be realigned with the interests of the Plaintiff.

### VI. AFTER DISREGARDING THE CITIZENSHIP OF OSHKOSH CORPORATION AND PROPERLY REALIGNING THE SUBROGATED DEENDANTS, DIVERSITY JURISDICTION EXISTS

38.  In properly disregarding the citizenship of Oshkosh Corporation as a fraudulent defendant and realigning defendant Anthem Blue Cross Blue Shield with the Plaintiff, this Court will then have jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is diversity of citizenship between Plaintiff, JLG Industries, Inc., and Sunbelt Rentals, and more than $75,000 is at stake.  See 28 U.S.C. § 1446(c)(2)(B).

39.  "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." See id. § 1332(c)(1).

40.  Upon information and belief, Plaintiff Justin T. Gibson is a resident of Reedsburg, Wisconsin. See Complaint at ¶ 1.

41.  JLG Industries, Inc. is a Pennsylvania corporation with a principal place of business in McConnellsburg, Pennsylvania. Therefore, JLG Industries, Inc. is a citizen of Pennsylvania. See id. at ¶ 4.

42. Sunbelt Rentals is a South Carolina corporation with a principal place of business in Fort Mill, South Carolina. Therefore, Sunbelt Rentals is a citizen of South Carolina.

43. Because JLG, Industries, Inc. and Sunbelt Rentals are not a citizen of the same state, and neither are a citizen of the same state with Plaintiff, there is complete diversity between Plaintiff and Defendants.

## VII. THE AMOUNT IN CONTROVERY EXCEEDS $75,000

44. Federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." See 28 U.S.C. § 1332(a).

45. Plaintiff claims that, as a result of the subject incident on September 30, 2019, he sustained "personal injuries that required extensive medical care and attention and treatment at a hospital with resulting expense thereof, occasioned great pain, [and] suffering and shock to his nervous system…" See Complaint at 56.

46. Plaintiff's Complaint requests relief for "pain, suffering, disability and loss of earning capacity," and asserts that said injuries will "cause future pain, suffering, disability and loss of earning capacity, will limit his future capacity for the enjoyment of the fruits of life, and will require future medical care and attention…" See id.

47. Specifically, Plaintiff alleges that he was "crushed between the subject boom lift's control panel and the overhead joist, causing him to sustain those damages as herein alleged." See id. at ¶ 28.

48. On December 22, 2021, counsel for Travelers Indemnity Company of Connecticut informed counsel for JLG Industries, Inc. that Plaintiff's workers compensation lien is approaching $500,000, and is still open. (See LaFlamme Afd. ¶ 3.)

49. On December 21, 2021, Plaintiff's counsel informed counsel for JLG Industries, Inc. that although Plaintiff has returned to work, the scope of his responsibilities and capabilities have been significantly limited due to issues with his right arm. (See LaFlamme Afd. ¶ 5.)

50. Plaintiff sustained significant injuries as a result of the subject accident, including, but not limited to: a crushing injury to his head and spine, laceration to his head, broken nose, and broken jaw. (See LaFlamme Afd. ¶ 6.)

51. As a result of these injuries, Mr. Gibson underwent an emergency cervical fusion surgery, and lived with a tracheotomy for approximately a month. (See LaFlamme Afd. ¶ 7.)

### VIII. ALL REMAINING PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

52. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all the process, pleadings, and orders filed in the State Court Action and available to JLG Industries, Inc. are being filed with this Notice of Removal.

53. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the Western District of Wisconsin is the federal judicial district embracing the Circuit Court of Dane County, where the State Court Action was originally filed.

54. In accordance with 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal is being electronically filed with the Circuit Court of Dane County with a copy of the same to be served upon Plaintiff. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit 22.

### IX. CONCLUSION

The requirements for diversity jurisdiction are satisfied because the citizenship of a fraudulently joined defendant is not contemplated for the purposes of diversity, and the improperly named subrogated defendants must be realigned with the Plaintiff. Removal is, therefore,

appropriate. By this Notice of Removal, JLG Industries, Inc. does not waive any objections it may have as to service, jurisdiction, and allegations made in the Complaint, and otherwise preserves all defenses to this action. Any admissions of fact or law contained herein are made solely for purposes of this Notice, and JLG Industries, Inc. expressly reserves the right to object to usage of said admissions in future pleadings, motions, and/or argument by Plaintiff or any other party to this action.

        **McCOY LEAVITT LASKEY LLC**
Attorney for Defendant JLG Industries, Inc.

Dated: December 23, 2021      By: *Electronically signed by Eugene M. LaFlamme*
      Eugene M. LaFlamme    SBN 1041466
      N19 W24200 Riverwood Drive, Suite 125
      Waukesha, WI 53188
      Phone (262) 522-7000
      Fax (262) 522-7020
      elaflamme@MLLlaw.com