FILED
11-18-2021
CIRCUIT COURT
DANE COUNTY, WI
2021CV002783
Honorable Frank D. Remington
Branch 8

STATE OF WISCONSIN                 CIRCUIT  COURT                 DANE COUNTY
_____

JUSTIN T. GIBSON
136 Clark Street
Reedsburg, WI 53959

         Plaintiff,

    v.

SUNBELT RENTALS, INC.,
a foreign corporation,
2341 Deerfield Drive                              SUMMONS
Fort Mill, SC 29715                               CASE NO.: _____
                                                  CASE CODES: 30100 & 30107
ABC INSURANCE COMPANY

JLG INDUSTRIES, INC.,
a foreign corporation,
1 JLG Drive
McConnellsburg, PA 17233

DEF INSURANCE COMPANY

OSHKOSH CORPORATION,
a domestic corporation,
1971 Four Wheel Drive
Oshkosh, WI 54902

GHI INSURANCE COMPANY

         Defendants,

THE TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT,
a foreign corporation,
One Tower Square
Hartford, CT 06183

ANTHEM BLUE CROSS BLUE SHIELD
N17 W24340 Riverwood Drive
Waukesha, WI 53188

         Subrogated Defendants.

_____

THE STATE OF WISCONSIN

To each person named above as a defendant:

You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the court, whose address is 215 South Hamilton Street, Madison, Wisconsin 53703, and to The Previant Law Firm, S.C. and Saltz Mongeluzzi & Bendesky, P.C., plaintiff's attorneys, whose addresses are 310 West Wisconsin Avenue, Suite 100 MW, Milwaukee, Wisconsin 53203 and 1650 Market Street, 52nd Floor, Philadelphia, Pennsylvania 19103. You may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated at Milwaukee, Wisconsin, this 18th day of November, 2021.

Attorneys for Plaintiff, Justin T. Gibson

_____

By:  Casey P. Shorts
State Bar No. 1086253
cps@previant.com
THE PREVIANT LAW FIRM, S.C.
310 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
Phone: (414) 271-4500
Fax: (414) 271-6308

David L. Kwass
*Pro hac pending*
Elizabeth A. Bailey
*Pro hac pending*
ebailey@smbb.com
SALTZ MONGELUZZI AND BENDESKY, P.C.
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Phone: (215) 575-3859
Fax: (215) 496-0999
*Pro hac pending*

FILED
11-18-2021
CIRCUIT COURT
DANE COUNTY, WI
2021CV002783
Honorable Frank D.
Remington
Branch 8

STATE OF WISCONSIN          CIRCUIT  COURT          DANE COUNTY
_____

JUSTIN T. GIBSON
136 Clark Street
Reedsburg, WI 53959

        Plaintiff,

    v.

SUNBELT RENTALS, INC.,
a foreign corporation,
2341 Deerfield Drive
Fort Mill, SC 29715

ABC INSURANCE COMPANY

JLG INDUSTRIES, INC.,
a foreign corporation,
1 JLG Drive
McConnellsburg, PA 17233

DEF INSURANCE COMPANY

OSHKOSH CORPORATION,
a domestic corporation,
1971 Four Wheel Drive
Oshkosh, WI 54902

GHI INSURANCE COMPANY

        Defendants,

THE TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT,
a foreign corporation,
One Tower Square
Hartford, CT 06183

ANTHEM BLUE CROSS BLUE SHIELD
N17 W24340 Riverwood Drive
Waukesha, WI 53188

        Subrogated Defendants.

COMPLAINT
CASE NO.: _____
CASE  CODES:  30100  &  30107

_____

NOW COMES the above-named plaintiff, by his attorneys, The Previant Law Firm, S.C., and Saltz Mongeluzzi & Bendesky, P.C., and as and for a claim for relief, alleges and shows to the court as follows:

### JURISDICTIONAL ALLEGATIONS

1.     Plaintiff Justin T. Gibson is an adult resident of the City of Reedsburg, County of Sauk, State of Wisconsin, residing at 136 Clark Street.

2.     Defendant Sunbelt Rentals, Inc. is a foreign corporation with its principal place of business located in the City of Fort Mill, County of York, State of South Carolina, at 2341 Deerfield Drive, and is engaged in the business of renting aerial lifts. Its registered agent for service of process is CT Corporation System, which is located in the City of Madison, County of Dane, State of Wisconsin, at 301 South Bedford Street, Suite 1.

3.     Defendant ABC Insurance Company is a corporation, the precise name of which and the address of which are unknown to Plaintiff at this time, which is in the business of providing general liability insurance coverage. Said corporation is being named herein by a fictitious name as provided for in Section 807.12 of the Wisconsin Statutes.

4.     Defendant JLG Industries, Inc., is a foreign corporation with its principal place of business located in the City of McConnellsburg, County of Fulton, State of Pennsylvania, at 1 JLG Drive, and is engaged in the business of designing, assembling, manufacturing and selling aerial lifts. Its registered agent for service of process is CT Corporation System, which is located in the City of Harrisburg, County of Dauphin, State of Pennsylvania at 600 N 2nd Street, Suite 401.

2

5.     Defendant DEF Insurance Company is a corporation, the precise name of which and the address of which are unknown to Plaintiff at this time, which is in the business of providing general liability insurance coverage. Said corporation is being named herein by a fictitious name as provided for in Section 807.12 of the Wisconsin Statutes.

6.     Defendant Oshkosh Corporation is a domestic corporation with its principal place of business located in the City of Oshkosh, County of Outagamie, State of Wisconsin, at 1917 Four Wheel Drive, and is engaged in the business of designing, assembling, manufacturing and selling aerial lifts. Its registered agent for service of process is CT Corporation System, which is located in the City of Madison, County of Dane, State of Wisconsin at 301 South Bedford Street, Suite 1.

7.     Defendant GHI Insurance Company is a corporation, the precise name of which and the address of which are unknown to Plaintiff at this time, which is in the business of providing general liability insurance coverage.  Said corporation is being named herein by a fictitious name as provided for in Section 807.12 of the Wisconsin Statutes.

8.     Subrogated defendant The Travelers Indemnity Company of Connecticut is a corporation organized and existing by virtue of the insurance and corporation laws of the State of Connecticut with its home office and principal place of business located in the City of Hartford, State of Connecticut, at One Tower Square; is engaged in the business of writing and issuing worker's compensation insurance policies for consideration; and is licensed to issue such policies in the State of Wisconsin. Its

3

registered agent for service of process is CT Corporation System located in the City of Madison, County of Dane, State of Wisconsin, at 301 South Bedford Street, Suite 1.

9.     Subrogated defendant Anthem Blue Cross Blue Shield is a corporation organized and existing by virtue of the insurance and corporation laws of the State of Wisconsin with its home office and principal place of business located in the City of Waukesha, State of Wisconsin at N17 W24340 Riverwood Drive; is engaged in the business of writing and issuing health insurance policies for consideration; and is licensed to issue such policies in the State of Wisconsin. Its registered agent for service of process is CT Corporation System, which is located in the City of Madison, State of Wisconsin at 301 South Bedford Street, Suite 1.

10.     On a date prior to September 30, 2019, for valuable consideration, defendant ABC Insurance Company issued and delivered to defendant Sunbelt Rentals, Inc., as named insured, its policy of insurance under and by virtue of the terms of which it agreed to pay on behalf of said named insured or its agents, any and all sums within specific policy limits which said named insured or its agents should become legally obligated to pay by reason of liability imposed on it or its agents by loss or damage caused by its acts or omissions or the acts or omissions of its agents.  By virtue of the terms and conditions of said policy and the statutes of the State of Wisconsin, defendant ABC Insurance Company is directly liable to plaintiff Justin T. Gibson for the injuries and damages sustained by him as hereinafter alleged.

11.     On a date prior to September 30, 2019, for valuable consideration, defendant DEF Insurance Company issued and delivered to defendant JLG Industries, Inc., as named insured, its policy of insurance under and by virtue of the terms of which

it agreed to pay on behalf of said named insured or its agents, any and all sums within specific policy limits which said named insured or its agents should become legally obligated to pay by reason of liability imposed on it or its agents by loss or damage caused by its acts or omissions or the acts or omissions of its agents. By virtue of the terms and conditions of said policy and the statutes of the State of Wisconsin, defendant DEF Insurance Company is directly liable to plaintiff Justin T. Gibson for the injuries and damages sustained by him as hereinafter alleged.

12.      On a date prior to September 30, 2019, for valuable consideration, defendant GHI Insurance Company issued and delivered to defendant Oshkosh Corporation as named insured, its policy of insurance under and by virtue of the terms of which it agreed to pay on behalf of said named insured or its agents, any and all sums within specific policy limits which said named insured or its agents should become legally obligated to pay by reason of liability imposed on it or its agents by loss or damage caused by its acts or omissions or the acts or omissions of its agents. By virtue of the terms and conditions of said policy and the statutes of the State of Wisconsin, defendant GHI Insurance Company is directly liable to plaintiff Justin T. Gibson for the injuries and damages sustained by him as hereinafter alleged.

13.      At all times material, plaintiff Justin T. Gibson was an employee of J. H. Findorff & Son, Inc., and was functioning within the course of his employment.

14.      On a date prior to September 30, 2019, subrogated defendant The Travelers Indemnity Insurance Company of Connecticut provided J.H. Findorff & Son, Inc., as named insured, its policy of insurance under and by virtue of the terms of which it agreed to pay on behalf of said named insured any and all sums which said named

insured should become legally obligated to pay by reason of liability imposed on it by virtue of the Worker's Compensation Act of the State of Wisconsin. As a result of the injuries and damages hereinafter alleged, subrogated defendant The Travelers Indemnity Insurance Company of Connecticut has been required to pay worker's compensation benefits on behalf of plaintiff Justin T. Gibson and by virtue of Section 803.03 of the Wisconsin Statutes, subrogated defendant The Travelers Indemnity Insurance Company of Connecticut is impleaded herein because it may have a claim arising by subrogation, derivation or assignment. In the event said subrogated defendant fails to answer, plaintiff Justin T. Gibson asks that an order for default judgment and dismissal with prejudice be entered against subrogated defendant The Travelers Indemnity Insurance Company without any further notice.

15.     On a date prior to September 30, 2019, subrogated defendant Anthem Blue Cross Blue Shield provided health insurance coverage to Justin T. Gibson as a result of which said subrogated defendant has paid certain health insurance claims on his behalf, and by virtue of Section 803.03 of the Wisconsin Statutes, said subrogated defendant is impleaded herein because it may have a claim arising by subrogation, derivation or assignment. In the event said subrogated defendant fails to answer, plaintiff Justin T. Gibson asks that an order for default judgment and dismissal with prejudice be entered against subrogated defendant Anthem Blue Cross Blue Shield without any further notice.

16.     Upon information and belief, defendant JLG Industries, Inc. is a subsidiary of defendant Oshkosh Corporation and defendant Oshkosh Corporation exercised dominion and control over the day-to-day business activities of defendant JLG Industries, Inc. By virtue of said dominion and control, defendant Oshkosh Corporation is liable for

6

the injuries and damages caused by defective products designed, manufactured and sold by defendant JLG Industries, Inc.

17. Sometime before September 30, 2019, defendant JLG Industries, Inc. designed, manufactured, assembled, and/or distributed the JLG Model 860SJ Telescope Boom Lift (hereinafter "subject boom lift").

18. Sometime before September 30, 2019, defendant Sunbelt Rentals, Inc. entered into a sales agreement with defendant JLG Industries, Inc. to purchase the subject boom lift for rental to Sunbelt customers.

19. Sometime before September 30, 2019, plaintiff's employer J.H. Findorff & Son, Inc. contracted with Pope Farms Middleton/Cross Plains Elementary located at 7416 Old Sauk Road, Middleton, WI 53717 (hereinafter "subject worksite") to perform construction work.

20. Sometime before September 30, 2019, defendant Sunbelt Rentals, Inc. rented the subject boom lift to plaintiff's employer J.H. Findorff & Son, Inc. for use at the subject worksite.

21. Sometime before September 30, 2019, plaintiff's employer J.H. Findorff & Son, Inc. retained the subject boom lift for the work required at the subject worksite.

22. On September 30, 2019, plaintiff Justin T. Gibson was working at the subject worksite, operating the subject boom lift, to install bridging between bar joists.

23. While operating the subject boom lift, plaintiff Justin T. Gibson needed to boom upward to access the area on the building where he was to do the bridging work.

24. To operate the subject boom lift's boom functions, plaintiff Justin T. Gibson had to press the foot pedal within the work platform to energize the controls.

7

25.     While booming upward, plaintiff Justin T. Gibson was operating the subject boom lift's joystick. While doing so, the joystick became unscrewed, requiring the plaintiff to quickly screw the joystick back into place.

26.     While trying to correct the joystick, the plaintiff took his foot off the pedal to de-energize the controls. Then the subject boom lift drifted well beyond its stop point.

27.     The continued movement of the subject boom lift and the unscrewed joystick drove the plaintiff's body into the joist above him.

28.     The plaintiff was crushed between the subject boom lift's control panel and the overhead joist, causing him to sustain those injuries and damages as hereinafter alleged.

29.     The subject incident of September 30, 2019 is known in the aerial lift manufacturing and rental industry as an operator entrapment hazard.

30.     As the lift moves, an operator can inadvertently strike a fixed object to his or her rear. The operator's body is then forced downward into the controls in the basket, inadvertently activating a control function and cycling the lift up into the fixed object. The result is a sustained involuntary operation of the lift, and the pinning and crushing of the operator's body. See Figure 1 below.

*Figure 1*



31.     Defendants have been aware of the extreme danger posed by the operator entrapment hazard since as early as 2004, when David Nowak, a construction worker, was crushed in the mid-section between a concrete joist and the platform control panel of a JLG Industries, Inc. articulating boom lift.

32.     In response to this known, but insidious hazard, before the subject incident, defendant JLG Industries, Inc. created a safety device named the SkyGuard® which was designed to be fitted/retrofitted to JLG Industries, Inc. aerial lifts to prevent operator entrapment hazard accidents.

33.     The SkyGuard® blocks the control panel, preventing an operator's body from inadvertently depressing the controls.

34.     With the SkyGuard® in place, if an operator were to strike a fixed object, such as an overhead beam, rather than being forced into the controls, the operator's body would instead depress the SkyGuard®.

9

35.     Once the SkyGuard® is depressed, the lift movement stops and then automatically reverses, moving the operator away from the fixed object and preventing the crushing of the operator.

36.     The SkyGuard® was meant to prevent the very accident suffered by the plaintiff.

37.     As designed, the SkyGuard® could be retrofitted on JLG Industries, Inc. aerial lifts going back to the 2004 model year.

38.     On September 30, 2019, the subject boom lift was not equipped with the aforementioned SkyGuard®.

FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
ABC INSURANCE COMPANY AND SUNBELT RENTALS, INC.

As and for a first claim for relief against defendants ABC Insurance Company and Sunbelt Rentals, Inc., plaintiff Justin T. Gibson alleges and shows as follows:

39.     Reallege by reference paragraphs 1 through 38 of this complaint as though stated in detail herein and incorporate same by reference.

40.     Prior to and at the time of the subject incident, defendant Sunbelt Rentals, Inc. was aware of the need for and the existence of a guarding system to prevent operators from becoming entrapped.

41.     Prior to and at the time of renting the subject boom lift for use at the worksite, defendant Sunbelt Rentals, Inc. was aware of several specific instances of operator entrapment in aerial lifts, leading to severe injury and death.

42.     Prior to and at the time of renting the subject boom lift for use at the worksite, defendant Sunbelt Rentals, Inc. knew that the operator entrapment hazard threat was

greatest when its aerial lifts were used under overhead obstructions and in indoor settings.

43.     Prior to and at the time of renting the subject boom lift for use at the worksite, defendant Sunbelt Rentals, Inc. was aware of the availability of the SkyGuard® safety device that could have been retrofitted on its JLG Industries, Inc. aerial lifts to completely eliminate the operator entrapment risk in all work settings.

44.     Despite its knowledge of the risk of operator entrapment posed by its aerial lifts, defendant Sunbelt Rentals, Inc. did not and does not mandate that its employees offer training or familiarization with the equipment to ensure its customers are familiar with the operator entrapment hazard.

45.     Despite its knowledge of the risk of operator entrapment posed by its aerial lifts, defendant Sunbelt Rentals, Inc. did not and does not require that its employees ensure that all operators of its aerial lifts are certified aerial lift operators properly trained on the hazards posed by the aerial lift operation.

46.     Despite its knowledge of the risk of operator entrapment posed by its aerial lifts, defendant Sunbelt Rentals, Inc. did not and does not require its employees to determine whether its aerial lifts are to be used near overhead obstructions.

47.     Despite its knowledge of the risk of operator entrapment posed by its aerial lifts and available safeguards, defendant Sunbelt Rentals, Inc. did not and does not require that its employees suggest or provide aerial lift equipment with safeguards like SkyGuard® to its customers operating aerial lifts near overhead obstructions.

48.     Despite its knowledge of the risk of operator entrapment posed by its aerial lifts and available safeguards, defendant Sunbelt Rentals, Inc. did not and has not

required that all of its aerial lift equipment be properly retrofitted with proper safeguards to prevent operator entrapment, like SkyGuard®.

49.     Given the extent of its knowledge, defendant Sunbelt Rentals, Inc. had a duty to supply the aerial lifts it rented, particularly those intended to be used near overhead obstructions, like the subject boom lift, with all necessary safety devices, including the SkyGuard®.

50.     Given the extent of its knowledge, defendant Sunbelt Rentals, Inc. had a duty to ensure its aerial lifts were only being used by trained and certified operators, familiar with all hazards, including those of operator entrapment.

51.     Inexcusably and with extreme indifference to human life, defendant Sunbelt Rentals, Inc. provided the subject boom lift to the plaintiff's employer, J.H. Findorff & Son, Inc. lacking a simple safety feature that would have prevented the subject incident.

52.     At all times material, defendant Sunbelt Rentals, Inc. provided the equipment for use at the worksite including, but not limited to, the subject lift.

53.     At all times material, defendant Sunbelt Rentals, Inc. knew or should have known of the risk of operator entrapment from overhead obstructions in boom lifts, including the subject boom lift.

54.     At all times material, defendant Sunbelt Rentals, Inc. knew or should have known of the safety features and devices available to prevent or mitigate the risk of operator entrapment from overhead obstructions that could be retrofitted on to earlier model boom lifts, including the subject boom lift.

55.     Defendant Sunbelt Rentals, Inc. was negligent in the following respects:

      a.     In renting, leasing, and/or supplying the subject boom lift, which was unreasonably dangerous for the work being performed;

b.      In renting, leasing, and/or supplying the subject boom lift without performing a proper pre-delivery inspection and identification of hazards or the worksite;

c.      In renting, leasing, and/or supplying the subject boom lift without necessary and visible warnings;

d.      In renting, leasing, and/or supplying the subject boom lift without inquiring as to or establishing the nature of the worksite, the nature of the work being performed, and the nature of the hazards present at the subject worksite;

e.      In renting, leasing, and/or supplying the subject boom lift that was the wrong tool for the job being performed;

f.      In failing to perform a site inspection to properly determine the appropriate tool for the work being performed at the subject worksite;

g.      In renting, leasing, and/or supplying the subject boom lift without all available and appropriate safety features, including, but not limited to, the SkyGuard® device;

h.      In renting, leasing, and/or supplying the subject boom lift without appropriate safety features necessary for the work being performed;

i.      In renting, leasing, and/or supplying an improper lift given the nature and scope of the work being performed at the subject worksite;

j.      In renting, leasing, and/or supplying the subject boom lift without proper instruction on what to do in the event of operator entrapment;

k.      In failing to advise and instruct personnel receiving the subject boom lift of the operator entrapment hazard and the availability of preventative safety features, including, but not limited to, the SkyGuard® device;

l.      In failing to ensure that the subject boom lift was only going to be operated by properly trained and certified aerial lift operators;

m.      In failing to provide and/or offer aerial lift training and certification prior to or at the time of delivery of the subject boom lift;

n.      In failing to install card lock features on the subject boom lift to prevent use of the lift by non-certified operators;

13

o.  In failing to provide and/or offer training on the risk of operator entrapment prior to or at the time of delivery of the subject boom lift;

p.  In failing to provide and/or offer familiarization on the subject boom lift, prior to or at the time of delivery of the subject boom lift.

56.  As a direct and proximate result of the aforesaid negligence of defendant Sunbelt Rentals, Inc., plaintiff Justin T. Gibson sustained personal injuries which required extensive medical care and attention and treatment at a hospital with resulting expense thereof, occasioned great pain, suffering and shock to his nervous system, resulted in a loss of earnings and earning capacity, will cause future pain, suffering, disability and loss of earning capacity, will limit his future capacity for the enjoyment of the fruits of life, and will require future medical care and attention all to his damage in an amount to be determined at trial.

SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
ABC INSURANCE COMPANY AND SUNBELT RENTALS, INC.

As and for a second claim for relief against defendants ABC Insurance Company and Sunbelt Rentals, Inc., plaintiff Justin Gibson alleges and shows as follows:

57.   Realleges by reference paragraphs 1 through 56 of this complaint as though stated in detail herein and incorporates same by reference.

58.  At all times material, upon information and belief, defendant Sunbelt Rentals, Inc. had extensive knowledge of the risk of operator entrapment and the unreasonably dangerous nature of boom lifts, when operated near overhead obstructions without anti-entrapment devices, like SkyGuard®. Upon information and belief, before Mr. Gibson's accident, Sunbelt Rentals, Inc. was aware of a number of prior substantially similar instances of operator entrapment. Sunbelt Rentals, Inc. knew or should have known that the subject lift would be operated near overhead obstructions. Despite this knowledge, Sunbelt Rentals, Inc. delivered the subject lift without SkyGuard®. This

conduct constituted and evinced either malicious conduct toward the plaintiff or an intentional disregard of the rights of the plaintiff.

59.     As a direct and proximate result of the aforesaid conduct of Sunbelt Rentals, Inc.  as alleged herein, plaintiff Justin Gibson is entitled to punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiff Justin Gibson  prays for judgment against ABC Insurance Company and Sunbelt Rentals, Inc., and each of them, for compensatory and punitive damages in an amount to be determined at trial together with costs and disbursements of this action.

FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS<br>DEF INSURANCE CO. AND JLG INDUSTRIES, INC.

As and for a first claim for relief against defendants DEF Insurance Company and JLG Industries, Inc., plaintiff Justin T. Gibson alleges and shows as follows:

60.     Reallege by reference paragraphs 1 through 59 of this complaint as though stated in detail herein and incorporate same by reference.

61.     At all times material, defendant JLG Industries, Inc. was engaged in the business of designing, manufacturing and selling boom lifts and the subject boom lift was expected to and did reach plaintiff Justin T. Gibson, the user thereof, without substantial change in the condition in which it was when it left the business premises of said defendant.

62.     At all times material, JLG Industries, Inc. knew or should have known its boom lifts, including the subject boom lift, posed a grave risk of operator entrapment from overhead obstructions.

63.     Defendant JLG Industries, Inc. was negligent in the following respects:

a.     In failing to investigate, retain and analyze prior accident information and incorporate that into its design decisions;

15

b.　In failing to implement post-sale warnings or bulletins about the known risk of operator entrapment associated with the use and operation of the subject boom lift;

c.　In failing to notify purchasers of the subject boom lift of the availability of safety features, including, but not limited to, the SkyGuard® device, to mitigate or prevent crush hazard incidents and operator entrapment;

d.　In failing to implement adequate post-sale remedial measures including, but not limited to, warnings and recalls, to address the risk of operator entrapment in its boom lifts, including the subject boom lift;

e.　In failing to require that all purchasers of its boom lifts, including the subject boom lift, retrofit the boom lifts with safety features including, but not limited to, the SkyGuard® device, and;

f.　In failing to include appropriate maintenance and training instructions with the subject boom lift and provide updates to those instructions in light of the known risk of operator entrapment.

64.　As a direct and proximate result of the aforesaid negligence of defendant JLG Industries, Inc. plaintiff Justin T. Gibson sustained personal injuries which required extensive medical care and attention and treatment at a hospital with resulting expense thereof, occasioned great pain, suffering and shock to his nervous system, resulted in a loss of earnings and earning capacity, will cause future pain, suffering, disability and loss of earning capacity, will limit his future capacity for the enjoyment of the fruits of life, and will require future medical care and attention all to his damage in an amount to be determined at trial.

SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
DEF INSURANCE COMPANY AND JLG INDUSTRIES, INC.

As and for a second claim for relief against defendants DEF Insurance Company and JLG Industries, Inc., plaintiff Justin T. Gibson alleges and shows as follows:

16

65.     Reallege by reference paragraphs 1 through 64 of this complaint as though stated in detail herein and incorporate same by reference.

66.     JLG Industries, Inc. is strictly liable under § 402A of the Restatement of the Law of Torts (Second), because:

      a.      JLG Industries, Inc. is engaged in the business of designing, manufacturing, assembling, selling, and/or supplying boom lifts, including the subject boom lift involved in plaintiff Justin T. Gibson's accident;

      b.      The subject boom lift was marketed and placed in the general stream of commerce by JLG Industries, Inc.;

      c.      The subject boom lift was expected to, and did reach users, including plaintiff Justin T. Gibson, without substantial change in the condition in which it was designed, manufactured, assembled, distributed, sold and/or supplied by JLG Industries, Inc., and;

      d.      The subject boom lift was designed, manufactured, assembled, distributed, sold, and/or supplied by JLG Industries, Inc. in a defective condition for the reasons set forth in the paragraph below.

67.     At all times material, the subject boom lift was defective in its propensity to trap and crush operators between overhead obstructions and the platform controller. This associated danger was unknowable and unacceptable to the average or ordinary consumer. A reasonable person would conclude that the probability and seriousness of this harm is outweighed by the burden or costs to JLG Industries, Inc. of taking precautions to avoid the harm such as taking post-sale remedial measures, issuing post-sale recalls of the subject boom lift, and/or issuing post-sale warnings.

68.     JLG Industries, Inc. breached its duties and obligations under § 402A of the Restatement of the Law of Torts (Second) by:

      a.      Designing, assembling, manufacturing, and selling the subject boom lift that was defective in its propensity to trap and crush operators between overhead obstructions and the platform controller;

b.      Designing, assembling, manufacturing, and selling the subject boom lift that was unreasonably dangerous to the end user;

c.      Designing, assembling, manufacturing, and selling the subject boom lift that was not safe for its work-related purposes;

d.      Failing to have adequate and durable warning on the subject boom lift concerning the entrapment hazard;

e.      Failing to provide proper and adequate warnings and instructions to the end user of the subject boom lift, including plaintiff Justin T. Gibson;

f.      Failing to provide proper and adequate warnings and instructions to plaintiff Justin T. Gibson's employer, J.H. Findorff & Son, Inc.;

g.      Designing, assembling, manufacturing, and selling the subject boom lift without all necessary safety features to protect users of the product;

h.      Failing to provide appropriate instructions to be followed with regard to the operation of the subject boom lift;

i.      Designing, assembling, manufacturing, and selling the subject boom lift without appropriate failsafe devices;

j.      Failing to provide appropriate safety devices with the subject boom lift;

k.      Failing to adequately and properly test the subject boom lift before its design and/or assembly;

l.      Designing, assembling, manufacturing, and selling the subject boom lift with components that were unsafe in that they allowed inadvertent activation of the control functions;

m.      Designing the subject boom lift with controls that could be inadvertently operated;

n.      Failing to investigate, retain, and analyze prior accident information and incorporate that into design decisions;

o.      Failing to implement post-sale warnings or bulletins about the known risk of operator entrapment associated with the use and operation of the subject boom lift;

p.   Failing to notify purchasers of the subject boom lift of the availability of safety features, including, but not limited to, the SkyGuard® device, to mitigate or prevent crush hazard incidents and operator entrapment;

q.   Failing to implement adequate post-sale remedial measures, including, but not limited to, warnings and recalls, to address the risk of operator entrapment in its boom lifts, including the subject boom lift;

r.   Failing to require that all purchasers of its boom lifts, including the subject boom lift, retrofit the boom lifts with safety features, including, but not limited to, the SkyGuard® device, and;

s.   Failing to include appropriate maintenance and training instructions with the subject boom lift and provide updates to those instructions in light of the known risk of operator entrapment.

70.   As a direct and proximate result of JLG Industries, Inc.'s failure to conform to its obligations and duties under § 402A of the Restatement of Law of Torts (Second) as set forth above, plaintiff Justin T. Gibson sustained personal injuries which required extensive medical care and attention and treatment at a hospital with resulting expense thereof, occasioned great pain, suffering and shock to his nervous system, resulted in a loss of earnings and earning capacity, will cause future pain, suffering, disability and loss of earning capacity, will limit his future capacity for the enjoyment of the fruits of life, and will require future medical care and attention all to his damage in an amount to be determined at trial.

FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
GHI INSURANCE COMPANY AND OSHKOSH CORPORATION

As and for a first claim for relief against defendants GHI Insurance Company and Oshkosh Corporation, plaintiff Justin T. Gibson alleges and shows as follows:

70.    Reallege by reference paragraphs 1 through 69 of this complaint as though stated in detail herein and incorporate same by reference.

71.    By virtue of the fact that defendant Oshkosh Corporation exercised dominion and control over the day-to-day business activities of defendant JLG Industries, Inc., it became liable for the negligence of defendant JLG Industries, Inc.

72.    Upon information and belief, defendant Oshkosh Corporation was negligent in the following respects:

a.    In failing to properly research and test the subject boom lift designed, manufactured and sold by defendant JLG Industries, Inc.;

b.    In failing to recall said defective and unreasonably dangerous boom lift designed, manufactured and sold by defendant JLG Industries, Inc. when it knew or should have known that said product was still in service and was defective and unreasonably dangerous;

c.    In failing to design safety devices to be installed on the subject boom lift designed, manufactured and sold by defendant JLG Industries, Inc. to correct the defective and unreasonably dangerous condition;

d.    In failing to issue proper instructions as to the proper practices and procedures to be followed in using the subject boom lift designed, manufactured and sold by defendant JLG Industries, Inc., and;

e.    In failing to issue warnings to users relative to the dangerous characteristics of subject boom lift when it knew or should have known that said product was still in service and was defective and unreasonably dangerous.

73.    As a direct and proximate result of the aforesaid negligence of defendant Oshkosh Corporation, plaintiff Justin T. Gibson sustained personal injuries which required extensive medical care and attention and treatment at a hospital with resulting expense thereof, occasioned great pain, suffering and shock to his nervous system, resulted in a loss of earnings and earning capacity, will cause future pain, suffering, disability and loss of earning capacity, will limit his future capacity for the enjoyment of the fruits of life, and

will require future medical care and attention all to his damage in an amount to be determined at trial.

WHEREFORE, plaintiff Justin T. Gibson prays for judgment against defendants Sunbelt Rentals, Inc., ABC Insurance Company, JLG Industries, Inc., DEF Insurance Company, Oshkosh Corporation, and GHI Insurance Company and each of them, in an amount to be determined at trial together with costs and disbursements of this action.

WHEREFORE, plaintiff Justin T. Gibson prays for judgment determining what, if any, interest that subrogated defendant The Travelers Indemnity Company of Connecticut may have in this action based on medical payments that have been made, however set forth in its policies, and that an order for default judgment and dismissal with prejudice be entered extinguishing all claims subrogated defendant The Travelers Indemnity Company of Connecticut may have without any further notice if subrogated defendant The Travelers Indemnity Company of Connecticut fails to answer.

WHEREFORE, plaintiff Justin T. Gibson prays for judgment determining what, if any, interest that subrogated defendant Anthem Blue Cross Blue Shield may have in this action based on medical payments that have been made, however set forth in its policies, and that an order for default judgment and dismissal with prejudice be entered extinguishing all claims subrogated defendant Anthem Blue Cross Blue Shield may have without any further notice if subrogated defendant Anthem Blue Cross Blue Shield fails to answer.

Dated at Milwaukee, Wisconsin, this 18th day of November, 2021.

Attorneys for Plaintiff, Justin T. Gibson

By:  Casey P. Shorts
     State Bar No. 1086253
     cps@previant.com
     THE PREVIANT LAW FIRM, S.C.
     310 West Wisconsin Avenue, Suite 100 MW
     Milwaukee, WI 53203
     Phone: (414) 271-4500
     Fax: (414) 271-6308

     David L. Kwass
     *Pro hac pending*
     Elizabeth A. Bailey
     *Pro hac pending*
     ebailey@smbb.com
     SALTZ MONGELUZZI AND BENDESKY, P.C.
     1650 Market Street, 52nd Floor
     Philadelphia, PA 19103
     Phone: (215) 575-3859
     Fax: (215) 496-0999
     *Pro hac pending*

PLEASE TAKE NOTICE as follows:

1.      Plaintiff hereby demands that the above-captioned action be tried by a jury of twelve (12) persons.

2.      Pursuant to Section 904.12 of the Wisconsin Statutes, plaintiff hereby requests the aforesaid defendants to provide transcripts of all written or recorded statements taken from the plaintiff.